IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Alexander Young, | ) C/A No. 0:11-1125-JFA-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Dr. Michael White, *Aiken County Detention Center*; Cathy Brown, *Aiken County Detention Center*; | ) |
| Defendants. | ) |

The plaintiff, Jason Alexander Young ("Young"), who is self-represented,[1] filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and pursuant to Title II of the Americans with Disabilities Act ("ADA"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendant Brown's motion for summary judgment.[2] (ECF No. 29.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Young of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 30.) Young filed a response in opposition[3] (ECF No. 60) and

---

[1] Young is currently a state prisoner, but at the relevant time of the allegations in his Complaint was housed as a pretrial detainee at the Aiken County Detention Center.

[2] It appears that Defendant White has not been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. (See ECF No. 18.) Accordingly, the court recommends that Defendant White be dismissed from this action without prejudice. See Fed. R. Civ. P. 4(m).

[3] In his response, Young argues that summary judgment should be denied because Defendant Brown filed the motion prematurely, initially failed to properly serve him with the motion, and has not properly responded to his discovery requests. Young also appears to argue that he needs additional discovery. All of these issues have previously been addressed by the court. (ECF No. 49.) Further, Young was provided additional time to respond to Defendant Brown's motion for summary judgment. Accordingly, the court finds these arguments unavailing.

Defendant Brown filed a reply (ECF No. 61). Following an order from the court (ECF No. 64), Defendant Brown supplemented her memorandum in support of summary judgment to address any claim Young may have raised pursuant to the ADA (ECF Nos. 68 & 69), and Young responded (ECF No. 71). Having reviewed the parties' submissions and the applicable law, the court finds that Defendant Brown's motion should be granted.

## BACKGROUND

Young's Complaint alleges that on January 19, 2011, while he was housed as a pretrial detainee at Aiken County Detention Center, he was placed in segregation within the medical dormitory and given a status of house alone/recreation alone ("HA/RA"). Young states that he submitted multiple requests for reclassification. These requests were denied due to instructions from "medical," which indicated that he was segregated because others may be a threat to him and for his medical protection. Young argues that his segregation constitutes "a form of medical treatment," which he may refuse and that is unnecessary for his condition. He further appears to allege that the defendant discriminated against him based on his medical condition in that he tested positive for the Human Immunodeficiency Virus ("HIV"). Young seeks monetary as well as injunctive relief.[4]

## DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing

---

[4] It appears that Young is currently within the custody of the South Carolina Department of Corrections and is housed at Broad River Correctional Institution. (See ECF No. 42.) Accordingly, to the extent that Young seeks to be moved from segregation to the general population within the detention center, such a claim is moot.

to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

PJG

B.  **Section 1983 Claim**

To the extent that Young alleges that Defendant Brown violated his constitutional rights by preventing him from being placed in the general population and restricting him to segregation, Defendant Brown is entitled to summary judgment. As an initial matter, "the practice of segregating HIV positive *inmates* is within the wide deference afforded prison administrators and it is reasonably related to legitimate penological interests." Bowman v. Beasley, 8 F. App'x 175, 178-79 (4th Cir. 2001) (citing Sandin v. Conner, 515 U.S. 472, 482-83 (1995) & Turner v. Safley, 482 U.S. 78, 89 (1987)) (emphasis added and internal quotation marks omitted). In Davis v. Greenwood County Detention Center, C/A No. 9:08-1805-HFF-BM, 2008 WL 4489744 (D.S.C. Sept. 30, 2008) (Floyd, J.), this court applied the holding in Bowman to pretrial detainees. The court in Davis observed that in discussing the rights of pretrial detainees, the United States Supreme Court in Bell v. Wolfish, 441 U.S. 520, 557 (1979), noted that "if a particular condition or restriction is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' " See Davis, 2008 WL 4489744, at *1-2. Accordingly, Young cannot demonstrate that Defendant Brown's treatment of Young rose to the level of unconstitutional punishment. See id. at *2.

Moreover, even assuming that segregation constituted a form of "medical treatment," which Young argues he had a right to refuse, Young cannot demonstrate that Defendant Brown violated his constitutional rights. As stated above, segregation of HIV-positive detainees is reasonably related to a legitimate penological interest. Further, the record demonstrates that the medical staff segregated Young based on their determination that Young had a lack of immunity and poor mental

PJG

judgment which were detrimental to his health.[5] (See Brown Aff. ¶ 9, ECF No. 29-3 at 2; Sealed Med. Records, ECF No. 13-1 at 5,14-23, 26-28.) Young's general disputes with these conclusions are insufficient to demonstrate that Defendant Brown violated his right to refuse medical treatment. See Pabon v. Wright, 459 F.3d 241, 252 (2d Cir. 2006) ("[A] prisoner's right to refuse medical treatment need not be honored if legitimate penological interests require the prisoner to be treated. If prison officials, including doctors, identify situations in which they reasonably believe that treatment is required, notwithstanding the prisoner's asserted right to refuse it, the right must give way. Obvious examples would be the treatment of an infectious disease, avoidance of contaminations, or prevention of disruption by illness-induced behaviors.").

Accordingly, Defendant Brown is entitled to summary judgment on this claim. See Davis, 2008 WL 4489744, at *2; see also Pabon, 459 F.3d at 252.

**C.   ADA Claim**

Young appears to allege that Defendant Brown has discriminated against him based on his HIV/AIDS status by restricting him to segregation. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." See 42 U.S.C. § 12132. To establish a claim of discrimination under Title II of the ADA, a plaintiff must show: (1) that he has a disability as defined in the Act; (2) that he is qualified for the benefit in question; and (3) that he was excluded from the benefit due

---

[5] In an apparent attempt to discredit a statement contained in Brown's Answer, Young has filed a declaration from another pretrial detainee at the detention center who states that he has been diagnosed with AIDS but was placed in the general population. (See ECF No. 63-1.) Other than a similar diagnosis, however, there is no indication that these detainees were experiencing similar symptoms or effects.

to discrimination solely on the basis of the disability. See Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999).

Based on the allegations advanced, Young cannot prevail on this claim. It is undisputed that Title II of the ADA applies to prisons. See Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206 (1998). Further, the court assumes for the purposes of this motion for summary judgment that Young's HIV/AIDS status is a disability under the ADA. See Bragdon v. Abbott, 524 U.S. 624, 641-42 (1998) (holding under the facts presented in that case an asymptomatic HIV-infected individual met the definition of disability under the ADA, however declining to address whether an HIV infection is a *per se* disability under the ADA). However, Young cannot demonstrate that he was denied a benefit based solely on being HIV-positive or diagnosed with AIDS in light of the declaration he submitted from a detainee who was also diagnosed with AIDS but housed in the general population. (See ECF No. 63-1.) This conclusion is supported by the medical records indicating that Young was placed in segregation based in part on his laboratory tests indicating a reduced immune system and an assessment of poor mental judgment. Accordingly, Defendant Brown is entitled to summary judgment on this claim as well.

**D.     Other Claims**

Young's response in opposition to summary judgment contains additional allegations that were not included in Young's Complaint.[6] Further, Young has not filed a timely motion to amend his Complaint to include any additional claims. Accordingly, these claims are not properly before the court. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary

---

[6] For example, Young alleges that Defendant Brown has violated his right to privacy based on certain filings with the court and failed to provide him with necessary medications.

PJG

judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

## RECOMMENDATION

For the foregoing reasons, the record shows as a matter of law that Young is not entitled to the relief he seeks. Accordingly, the court recommends that Defendant Brown's motion for summary judgment be granted. (ECF No. 29.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 7, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).